Nash, J.
Job Pettijohn died in 1824, and by his will, devised as follows: “ I lend to my wife, Elizabeth Pettijohn, the use of all my negroes and personal estate of every kind, during her natural life.” He then provides, that, if my wife remains a widow, the whole of his estate to remain in joint stock, to her use, during her natural Ufe, and at her death, to be divided equally among his six daughters, to wit: Frances, Sarah, Elizabeth, Rachel, Mary Ann, and Rosanna. To this will, the widow andhis three daughters, Frances, Sarah, and Elizabeth, were appointed executrixes, and qualified as such. The widow ‘took into her possession, all the property bequeathed to her, and died in the year. Rosanna, one of the legatees in remainder, intermarried with the plaintiff, Benjamin Saunders, and died in the life time of the widow, and her husband was duly appointed her administrator. The bill is filed for a division of the *221 slaves of the estate, and an account of their hires, since the death of the widow, Elizabeth Pettijohn: and also for an account of the perishable property which came to the hands of the executrixes, under the Avill. An order of reference to the clerk and master, was made, to state the account. His report was returned, and excepted to by the defendants.
The first exception is, that the master has charged against the defendants, three hundred and fifty dollars, the present value of fifty head of cattle and fifty hogs, which, from the evidence, were the offspring of the original stock, which went into the possession of the widow, as tenant for life, twenty.four years ago.
The second and third exceptions, are but corollaries from the first.
It is true, as a general proposition, that a tenant for life, of personal property, is entitled to the increment made during the course of the tenantry, as a compensation for the trouble and expense of taking care of the original stock. And the executor, so far as the legatees are concerned, has discharged his duty when he assents to the legacy. The rule does not, in this State, extend to slaves : and when the property is of such a nature, as to be consumed in the use, quo ipso usu consumitur, a different rule of duty devolves upon the executor. In such a case, the tenant for life being entitled only to the use, if it be entirely consumed, the remainder man loses, altogether, the benefit of the bequest. The executor is appointed to take care of the interest of all concerned, and is as much bound to see that the remainder man is not deprived of his interest, as that the tenant for life shall enjoy his. It is now well settled, that when a residue is given for life, of such property, with remainder over, it is the duty of the executor to sell it, and pay over the interest to the tenant for life. Smith v. Barham, 2 Dev. Eq. 425. Jones et. al. v Simmons, Ex’r., 7 Ire. Eq. 178. *222 If, however, the executor assents to the legacy, and the property remains in the hands of the tenant for life, and it be of such a nature as to be consumed in the using, such as cattle, horses, or hogs, and an increase from them takes place, while in the possession of the tenant for life, it belongs to him, and the remainder man is only entitled to what remains of the original stock. From the case before us, the cattle and hogs, valued by the master in his report, was the property of the widow. The master, then, has taken into his account, property which never was of the estate of the testator. It was the original stock he was directed to take an account of.
This exception is allowed, and the report set aside as to the two items excepted to. In all things else, it is confirmed.
Per Curiam. Decree accordingly.